FILED
SUPERIOR COURT
OF GUAM

2014 NOV -7 PM 2: 31

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

        vs.

KAHEALANI LEIPUA SANTOS,
JENNA RITA D. CRISOSTOMO,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CF 0393-13

DECISION AND ORDER ON
DEFENDANT CRISOSTOMO'S
MOTION REQUESTING COURT
DEFER ACCEPTANCE OF GUILTY
PLEA

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the Defendant Crisostomo's Motion Requesting Court Defer Acceptance of Guilty Plea on August 25, 2014. Attorney Jeffrey A. Moots represents Defendant Crisostomo and Assistant Attorney General James C. Collins represents the Government. For the reasons set forth below, the Court denies Defendant Crisostomo's Motion.

## BACKGROUND

Per the Superceding Indictment returned on September 19, 2013, Defendant Crisostomo is charged with possession of a Schedule II controlled substance pursuant to 9 GCA § 67.401.2(a) and (b)(1). On August 14, 2014, Defendant Crisostomo filed her Motion. Pursuant to 9 GCA § 67.412, Defendant Crisostomo requests "an order deferring the acceptance" of her guilty plea and argues that the statute "provides the Court with the authority to defer the entering of a judgment of guilt of a defendant, who is pleading guilty under [the statute]."



*ORIGINAL*

Defendant Crisostomo also offers arguments as to why she is "a prime candidate for Adult Drug Court I" per the statute.

On August 18, 2014, the Government filed its Response to Motion Requesting Court Defer Acceptance of Guilty Plea. The Government argues that, "[u]ntil [Defendant Crisostomo] has either pled guilty or otherwise has been found guilty, the language of 9 GCA § 67.412 does not apply to her case." The Government also characterizes Defendant Crisostomo's "other arguments concerning the disposition of her case [as] premature."

On August 25, 2014, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

The parties offer differing interpretations of 9 GCA § 67.412, which governs "Conditional Discharge and Dismissal for First Offenders" and provides, in pertinent part:

> Whenever any person who has not previously been convicted of an offense under this Act or under any statute of the United States or of any State relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under § 67.401.2(a), the Court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17.

Here, 9 GCA § 67.412 unambiguously applies to one who "pleads guilty to or is found guilty of possession of a controlled substance under [9 GCA] § 67.401.2(a)[.]" By its terms, the statute does not vest the Court with discretion to forego the guilt requirement and proceed to sentencing. Defendant Crisostomo has yet to plead guilty or be found guilty; absent either, it would be premature to consider whether Defendant Crisostomo qualifies for conditional discharge and dismissal. The Court therefore denies Defendant Crisostomo's Motion.

## CONCLUSION

In light of the foregoing, the Court DENIES Defendant Crisostomo's Motion Requesting Court Defer Acceptance of Guilty Plea. Trial Setting is scheduled for November 12, 2014 at 3:00 P.M.

**IT IS SO ORDERED** this day of November 7, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam